1  Michele Ballard Miller (SBN 104198)
   *mbm@millerlawgroup.com*
2  Lisa C. Hamasaki (SBN 197628)
   *lch@millerlawgroup.com*
3  Katherine L. Kettler (SBN 231586)
   *klk@millerlawgroup.com*
4  MILLER LAW GROUP
   A Professional Corporation
5  500 Sansome Street, Suite 400
   San Francisco, CA 94111
6  Tel. (415) 464-4300
   Fax (415) 464-4336
7
   Attorneys for Defendant
8  AT&T UMBRELLA BENEFIT PLAN NO. 1

9

10                 **UNITED STATES DISTRICT COURT**

11               **NORTHERN DISTRICT OF CALIFORNIA**

12

13  LOUIS J. VELA,                          Case No.: CV 08 1575 MMC

14
              Plaintiff,                     **DEFENDANT'S ANSWER TO**
15                                           **PLAINTIFF'S FIRST AMENDED**
    v.                                       **COMPLAINT**
16
                                             Complaint filed:  March 21, 2008
17  AT&T UMBRELLA BENEFIT PLAN NO. 1,        FAC filed:  May 14, 2008

18
              Defendant.
19

20

21          Defendant AT&T UMBRELLA BENEFIT PLAN NO. 1 (hereafter "Defendant")

22  hereby answers Plaintiff LOUIS J. VELA'S First Amended Complaint (hereafter "Complaint")

23  as follows:

24

25          Defendant generally denies each and every allegation in the Complaint, except

26  those expressly admitted below.

27

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1.    Answering Paragraph 1 of Plaintiff's Complaint, Defendant admits each and every allegation contained in that paragraph.

2.    Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits that venue is proper as to where the Plan was administered, but denies the allegation that any breach occurred.

3.    Answering Paragraph 3 of Plaintiff's Complaint, Defendant is without sufficient knowledge and information as to where Plaintiff resides or resided "at all relevant times," and on that basis denies this allegation.

4.    Answering Paragraph 4 of Plaintiff's Complaint, Defendant admits that until November 2005, the program under which Plaintiff was eligible to apply for LTD benefits was the SBC Disability Income Plan.  The SBC Disability Plan became the AT&T Disability Income Plan (the "Plan") effective November 2005.  Defendant admits that selected pages of a copy of the Summary Plan Description are attached as Exhibit A to Plaintiff's Complaint.  Defendant denies each and every remaining allegation contained in Paragraph 4.

5.    Answering Paragraph 5 of Plaintiff's Complaint, Defendant admits that that Sedgwick Claims Management Services, Inc. ("Sedgwick") is the claims administrator for the Plan and that until March 1, 2006, the Sedgwick employees who worked on claims for disability benefits under the Plan worked in a unit of Sedgwick known as SBC Medical Absence and Accommodation Research Team ("SMAART").  Defendant denies that the Plan was administered "at plaintiff's place of work at SBC" as Plaintiff worked for Pacific Bell Telephone Company ("Pacific Bell").

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

6.    Answering Paragraph 6 of Plaintiff's Complaint, Defendant denies that "AT&T and SBC merged, and AT&T now controls the SBC Plan at issue." Defendant admits that AT&T Inc. is the Plan Administrator. Defendant admits that Sedgwick is the claims administrator for the Plan and that effective March 1, 2006, the name of the unit of Sedgwick employees who work on claims for disability benefits under the Plan was changed from SMAART to the AT&T Integrated Disability Service Center ("AT&T IDSC").

7.    Answering Paragraph 7 of Plaintiff's Complaint, Defendant admits that AT&T Umbrella Benefit Plan No. 1 is the proper defendant is this action. Defendant denies each and every remaining allegation contained in Paragraph 7.

8.    Answering Paragraph 8 of Plaintiff's Complaint, Defendant denies each and every allegation contained in Paragraph 8. There is only one defendant named in Plaintiff's Complaint.

9.    Answering Paragraph 9 of Plaintiff's Complaint, Defendant denies each and every allegation contained in Paragraph 9. There is only one defendant and no "Doe" defendants named in Plaintiff's Complaint.

10.    Answering Paragraph 10 of Plaintiff's Complaint, Defendant admits that on June 16, 2000 Plaintiff began working for Pacific Bell Telephone Company ("Pacific Bell") as a Network Sales Specialist. Defendant denies each and every remaining allegation of Paragraph 10.

11.    Answering Paragraph 11 of Plaintiff's Complaint, Defendant admits that Plaintiff was promoted to Sales Manager by Pacific Bell effective July 1, 2001. Defendant denies each and every remaining allegation contained in Paragraph 11.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

12. Answering Paragraph 12 of Plaintiff's Complaint, Defendant admits the allegations contained in Paragraph 12.

13. Answering Paragraph 13 of Plaintiff's Complaint, Defendant admits that Mr. Vela stopped working on July 8, 2002. Defendant denies each and every remaining allegation contained in Paragraph 13.

14. Answering Paragraph 14 of Plaintiff's Complaint, Defendant denies that "SBC" approved benefits – Sedgwick administered Plaintiff's disability claim, not "SBC." Defendant admits that Sedgwick approved benefits on August 2, 2002 effective July 15, 2002. Defendant denies each and every remaining allegation contained in Paragraph 14.

15. Answering Paragraph 15 of Plaintiff's Complaint, Defendant admits that Plaintiff remained on short term disability until March 18, 2003. Defendant denies each and every remaining allegation contained in Paragraph 15.

16. Answering Paragraph 16 of Plaintiff's Complaint, Defendant admits each and every allegation contained in Paragraph 16.

17. Answering Paragraph 17 of Plaintiff's Complaint, Defendant admits each and every allegation contained in Paragraph 17.

18. Answering Paragraph 18 of Plaintiff's Complaint, Defendant denies that "SBC" denied long term disability benefits – Sedgwick administered Plaintiff's disability claim, not "SBC." Defendant admits each and every remaining allegation contained in Paragraph 18.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1     19.    Answering Paragraph 19 of Plaintiff's Complaint, Defendant is without

2  sufficient knowledge and information as to Plaintiff's state of mind and communications with

3  Dr. Wenokur, and on that basis denies each and every allegation contained in Paragraph

4  19.

5     20.    Answering Paragraph 20 of Plaintiff's Complaint, Defendant denies that

6  "SBC" offered Plaintiff a position.  Plaintiff was employed by Pacific Bell.  Defendant admits

7  each and every remaining allegation contained in Paragraph 20.

8

9     21.    Answering Paragraph 21 of Plaintiff's Complaint, Defendant admits that

10  Plaintiff returned to work on November 17, 2003.   Defendant denies each and every

11  remaining allegation contained in Paragraph 21.

12

13     22.    Answering Paragraph 22 of Plaintiff's Complaint, Defendant is without

14  sufficient knowledge and information and on that basis denies each and every allegation

15  contained in Paragraph 22.

16

17     23.    Answering Paragraph 23 of Plaintiff's Complaint, Defendant denies that

18  "SBC" took any action – Plaintiff did not work for "SBC."  Defendant admits that Plaintiff's

19  first day of absence was January 12, 2004, and that Pacific Bell placed Plaintiff on a paid

20  administrative leave.  Defendant denies each and every remaining allegation contained in

21  Paragraph 23.

22

23     24.    Answering Paragraph 24 of Plaintiff's Complaint, Defendant admits

24  each and every allegation contained in Paragraph 24.

25

26     25.    Answering Paragraph 25 of Plaintiff's Complaint, Defendant denies that

27  an examining physician concluded anything.  Defendant admits that Plaintiff was sent for a

28  Fitness for Duty evaluation with a Board-certified physician through ValueOptions on

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

5

1 January 9, 2004. The medical records speak for themselves concerning any conclusions,

2 and Defendant denies the allegations to the extent that Plaintiff's allegations purport to

3 characterize, paraphrase or summarize statements or information contained in these

4 documents. Defendant admits each and every remaining allegation contained in Paragraph

5 25.

6

7          26.    Answering Paragraph 26 of Plaintiff's Complaint, Defendant denies that

8 "SBC" approved LTD benefits for Plaintiff. Sedgwick administered Plaintiff's claim for long

9 term disability ("LTD") benefits. Defendant admits that Sedgwick notified Plaintiff on March

10 18, 2004 that he was approved for LTD benefits effective March 2, 2004. Defendant denies

11 each and every remaining allegation contained in Paragraph 26.

12

13          27.    Answering Paragraph 27 of Plaintiff's Complaint, Defendant is without

14 sufficient knowledge and information as to Plaintiff's "hope and plan," and on that basis

15 denies the allegations contained in the second sentence of Paragraph 27. Defendant

16 admits the remaining allegations contained in Paragraph 27.

17

18          28.    Answering Paragraph 28 of Plaintiff's Complaint, Defendant admits that

19 the paragraph quotes a portion of the Plan definition of "total disability for a long-term

20 disability" albeit with a minor error in the quotation.

21

22          29.    Answering Paragraph 29 of Plaintiff's Complaint, Defendant denies the

23 allegations regarding "SBC" -- Sedgwick administered Plaintiff's disability claim, not SBC.

24 Defendant is without sufficient information and knowledge as to what Plaintiff intends with

25 his temporal allegations "at the time of his disability" and "at the time" and on this basis

26 denies those allegations as vague. Defendant admits that, to the extent Plaintiff was eligible

27 and approved for LTD benefits under the Plan, the Plan provided Plaintiff with 60% earnings

28 protection.    Defendant admits that Sedgwick recorded Plaintiff's monthly salary as

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1  $7,702.58.    Defendant admits that Sedgwick calculated Plaintiff's benefit to be
2  $4,621.55/month.    Defendant denies each and every remaining allegation contained in
3  Paragraph 29.

4

5          30.    Answering Paragraph 30 of Plaintiff's Complaint, Defendant denies
6  each and every allegation contained in Paragraph 30.    The Plan sets forth additional
7  obligations determining any continuing payment of Plan benefits.

8

9          31.    Answering Paragraph 31 of Plaintiff's Complaint, Defendant denies that
10 "SBC" maintained a file – Sedgwick administered Plaintiff's disability claim, not SBC.    The
11 documents referred to speak for themselves, and Defendant denies Plaintiff's allegations
12 contained in this Paragraph to the extent that those allegations purport to characterize,
13 paraphrase or summarize statements or information contained in these documents.
14 Defendant admits that Sedgwick maintained a disability claim file on Plaintiff's disability
15 claim.    The medical records and other documents in the claim file speak for themselves.
16 Defendant denies each and every remaining allegation contained in Paragraph 31.

17

18          32.    Answering Paragraph 32 of Plaintiff's Complaint, Defendant denies that
19 "SBC" recorded a "progress report" -- Sedgwick administered Plaintiff's disability claim, not
20 SBC.    Defendant denies that Dr. Rogers' "report listed symptoms consistent with his earlier
21 reports."    The medical records referred to speak for themselves, and Defendant denies
22 Plaintiff's allegations contained in this Paragraph to the extent that those allegations purport
23 to characterize, paraphrase or summarize statements or information contained in these
24 documents.    Defendant denies each and every remaining allegation contained in Paragraph
25 32.

26

27          33.    Answering Paragraph 33 of Plaintiff's Complaint, Defendant denies that
28 "SBC" recorded a progress report – Sedgwick administered Plaintiff's disability claim, not

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

7

SBC.   The medical records referred to speak for themselves, and Defendant denies Plaintiff's allegations contained in this Paragraph to the extent that those allegations purport to characterize, paraphrase or summarize statements or information contained in these documents.  Defendant denies that there was a "progress report."  Defendant admits that on August 23, 2004, Sedgwick recorded notes from Dr. Wenokur, including the partial note quoted in the Complaint dated 4/9/04 "Problems with concentration and focus . . . ."  Defendant denies each and every remaining allegation contained in Paragraph 33.

34.     Answering Paragraph 34 of Plaintiff's Complaint, Defendant denies that "SBC" recorded "progress reports" – Sedgwick administered Plaintiff's disability claim, not SBC.   The medical records referred to speak for themselves, and Defendant denies Plaintiff's allegations contained in this Paragraph to the extent that those allegations purport to characterize, paraphrase or summarize statements or information contained in these documents.  Defendant denies that there were "progress reports."  Defendant admits that on February 10, 2005, Sedgwick documented information regarding Plaintiff, but Defendant is without sufficient information and knowledge to admit or deny that Drs. Wenokur and Rogers were the sources of the information, especially as the notes repeatedly reference "she" as the source of the information and appear to be referring to Plaintiff's wife, or that the information is accurate or correct, and on that basis denies that these physicians are the source of this information and denies the accuracy of the underlying facts asserted in these allegations.  Defendant denies that the notes indicate "*severe* mood swings."  Defendant denies each and every remaining allegation contained in Paragraph 34.

35.     Answering Paragraph 35 of Plaintiff's Complaint, Defendant denies that "SBC" recorded a "progress report" – Sedgwick administered Plaintiff's disability claim, not SBC.   The medical records referred to speak for themselves, and Defendant denies Plaintiff's allegations contained in this Paragraph to the extent that those allegations purport to characterize, paraphrase or summarize statements or information contained in these

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
Case No.: CV 08 1575 MMC

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

documents.  Defendant denies that there was a "progress report."  Defendant admits that on March 3, 2005, Sedgwick recorded medical notes received from Dr. Rogers, covering a period from August 18, 2004 through February 16, 2005.  Defendant admits the notes state "reported memory problems."  Defendant denies each and every remaining allegation contained in Paragraph 35.

36.     Answering Paragraph 36 of Plaintiff's Complaint, Defendant denies that "SBC" determined anything – Sedgwick administered Plaintiff's disability claim, not SBC.  The claims notes referred to speak for themselves, and Defendant denies Plaintiff's allegations contained in this Paragraph to the extent that those allegations purport to characterize, paraphrase or summarize statements or information contained in these documents.  Defendant admits that Sedgwick documented Plaintiff's LTD status as "open/approved."

37.     Answering Paragraph 37 of Plaintiff's Complaint, Defendant denies that "SBC" recorded a progress report – Sedgwick administered Plaintiff's disability claim, not SBC.  The medical records referred to speak for themselves, and Defendant denies Plaintiff's allegations contained in this Paragraph to the extent that those allegations purport to characterize, paraphrase or summarize statements or information contained in these documents.  Defendant denies that there was a "progress report."  Defendant admits that on December 7, 2005, Sedgwick recorded a letter received from Dr. Rogers.  Defendant admits that the letter indicated Plaintiff would "stay in bed" for several days.  Defendant denies each and every remaining allegation contained in Paragraph 37, as the allegations misstate the contents of the communication.

38.     Answering Paragraph 38 of Plaintiff's Complaint, Defendant denies that "SBC" recorded a progress report -- Sedgwick administered Plaintiff's disability claim, not SBC.  The medical records referred to speak for themselves, and Defendant denies

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

Plaintiff's allegations contained in this Paragraph to the extent that those allegations purport to characterize, paraphrase or summarize statements or information contained in these documents.  Defendant denies that there was a "progress report."  Defendant admits that on December 29, 2005, Sedgwick recorded a fax from Dr. Wenokur, received on December 23, 2005.  Defendant admits each and every remaining allegation contained in Paragraph 38.

39.     Answering Paragraph 39 of Plaintiff's Complaint, Defendant denies that "SBC" recorded chart notes it had previously requested – Sedgwick administered Plaintiff's disability claim, not SBC.   The medical records referred to speak for themselves, and Defendant denies Plaintiff's allegations contained in this Paragraph to the extent that those allegations purport to characterize, paraphrase or summarize statements or information contained in these documents.  Defendant denies that the chart notes were "previously requested."  Defendant admits that on January 18, 2006, Sedgwick recorded chart notes from Dr. Wenokur for the period from February 11, 2005 to December 21, 2005.  Defendant denies that the "notes indicated manic-depressive behavior with various degrees of severity."

40.     Answering the first three sentences of Paragraph 40 of Plaintiff's Complaint, Defendant denies that "SBC" recorded notes -- Sedgwick administered Plaintiff's disability claim, not SBC.  Defendant admits that on October 12, 2006, Sedgwick recorded a fax received from Dr. Wenokur.  The medical records and other documents in the claim file speak for themselves, and Defendant denies Plaintiff's allegations contained in this Paragraph to the extent that those allegations purport to characterize, paraphrase or summarize statements or information contained in these documents.  Defendant denies that the "notes indicated . . . some improvement in mood."  Answering the fourth sentence of Paragraph 40 of Plaintiff's Complaint, Defendant is without sufficient knowledge and information and on that basis denies each and every allegation contained in the fourth sentence of Paragraph 40 of Plaintiff's Complaint.   Defendant admits that Sedgwick

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1   received a fax from Dr. Rogers on October 6, 2006 and asserts that the document speaks

2   for itself.  Defendant admits that a portion of the communication is correctly quoted in this

3   Paragraph, apart from minor typos.  Defendant denies the remaining allegations contained

4   in Paragraph 40.

5

6           41.     Answering Paragraph 41 of Plaintiff's Complaint, Defendant admits that

7   file notes reflect a call back from Plaintiff's wife, and state "she asked about RTW."

8   Defendant is without sufficient knowledge and information as to Plaintiff's "hope and plan",

9   and on that basis denies the second sentence of Paragraph 41.

10

11          42.     Answering Paragraph 42 of Plaintiff's Complaint, Defendant denies

12  each and every allegation regarding "SBC" -- Sedgwick administered Plaintiff's disability

13  claim and communicated with Plaintiff concerning his claim, not SBC.  The documents

14  referred to speak for themselves, and Defendant denies Plaintiff's allegations contained in

15  this Paragraph to the extent that those allegations purport to characterize, paraphrase or

16  summarize statements or information contained in these documents.  Defendant admits that

17  the case manager's notes state that Plaintiff was told "we would look at overall capacity to

18  earn" among other conditions, although the rest of the last sentence of these notes state:

19  "Advised he is allowed to work and receive benefits, but that we would look at overall

20  capacity to earn, and whether he still would meet definition of disability d/t work capacity.  If

21  he has the capacity to earn more, he may not meet definition."  Defendant denies each and

22  every remaining allegation contained in Paragraph 42.

23

24          43.     Answering Paragraph 43 of Plaintiff's Complaint, Defendant denies

25  each and every allegation regarding "SBC" – Sedgwick administered Plaintiff's disability

26  claim and communicated with Plaintiff concerning his claim, not SBC.  The documents

27  referred to speak for themselves, and Defendant denies Plaintiff's allegations contained in

28  this Paragraph to the extent that those allegations purport to characterize, paraphrase or

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1   summarize statements or information contained in these documents.  Defendant admits that

2   on October 20, 2004, Sedgwick logged a telephone conversation with Plaintiff.  Defendant

3   admits that the Paragraph contains an accurate quotation from the call log, albeit with a

4   minor error.  Defendant admits each and every remaining allegation contained in Paragraph

5   43.

6       44.     Answering Paragraph 44 of Plaintiff's Complaint, Defendant denies

7   each and every allegation regarding "SBC" – Sedgwick administered Plaintiff's disability

8   claim and communicated with Plaintiff concerning his claim, not SBC.  The documents

9   referred to speak for themselves, and Defendant denies Plaintiff's allegations contained in

10  this Paragraph to the extent that those allegations purport to characterize, paraphrase or

11  summarize statements or information contained in these documents.  Defendant admits that

12  on November 18, 2004, Sedgwick noted that Plaintiff's benefit payments should be adjusted

13  based on new information from a supervisor regarding base pay.  Defendant denies that

14  "SSDI benefits" were subtracted from Plaintiff's monthly gross payment; California SDI

15  benefits were subtracted from Plaintiff's monthly gross payment.  Defendant denies that an

16  overpayment "resulted" from subtracting SDI benefits from Plaintiff's monthly gross

17  payment.  The overpayment resulted from a recalculation of Plaintiff's base pay.  Defendant

18  admits each and every remaining allegation contained in Paragraph 44.

19

20      45.     Answering Paragraph 45 of Plaintiff's Complaint, Defendant denies that

21  "SBC discovered another overpayment" – Sedgwick administered Plaintiff's disability claim,

22  not SBC.  The documents referred to speak for themselves, and Defendant denies Plaintiff's

23  allegations contained in this Paragraph to the extent that those allegations purport to

24  characterize, paraphrase or summarize statements or information contained in these

25  documents.   Defendant admits that in May 2005 Sedgwick informed Plaintiff that it had

26  received information from Allsup Inc. that Plaintiff had been awarded Social Security

27  Disability ineffective September 1, 2004, resulting in a $9,992.00 overpayment.  Defendant

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**
**Case No.: CV 08 1575 MMC**

1   denies each and every remaining allegation contained in Paragraph 45 of Plaintiff's
2   Complaint.
3
4       46.    Answering Paragraph 46 of Plaintiff's Complaint, Defendant denies the
5   allegations regarding "SBC" – Sedgwick administered Plaintiff's disability claim, not SBC.
6   Defendant admits that on January 18, 2005, Sedgwick recorded a telephone conversation
7   with Plaintiff's wife.  The medical records and other documents in the claim file speak for
8   themselves, and Defendant denies Plaintiff's allegations contained in this Paragraph to the
9   extent that those allegations purport to characterize, paraphrase or summarize statements
10  or information contained in these documents.  Defendant denies that the notes reflect that
11  Plaintiff had "changed doctors."  Defendant admits that the notes reflect that Plaintiff's wife
12  inquired whether changing doctors would jeopardize benefits.  Defendant admits that this
13  Paragraph accurately quotes a sentence fragment from the claim files notes, out of context.
14  Defendant denies each and every remaining allegation contained in Paragraph 46.
15
16      47.    Answering Paragraph 47 of Plaintiff's Complaint, Defendant denies that
17  Plaintiff's wife called "SBC" – Sedgwick administered Plaintiff's disability claim, not SBC.
18  Defendant admits that on September 22, 2006, Sedgwick Case Manager Nayra Rosenston
19  recorded telephone calls from Plaintiff's wife in which she stated that Plaintiff had started
20  working at Home Depot and inquired about how much money Plaintiff could earn and still
21  remain on LTD.  The records in the claim file speak for themselves, and Defendant denies
22  Plaintiff's allegations contained in this Paragraph to the extent that those allegations purport
23  to characterize, paraphrase or summarize statements or information contained in these
24  documents.  Defendant denies each and every remaining allegation contained in Paragraph
25  47.
26
27      48.    Answering Paragraph 48 of Plaintiff's Complaint, Defendant denies that
28  "SBC" returned Plaintiff's wife's call – Sedgwick administered Plaintiff's claim, not SBC.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

13

Defendant admits that the claim file notes indicate that on September 25, 2006, Sedgwick Case Manager Nayra Rosenston recorded that on September 22, 2006 she returned Plaintiff's wife's telephone call and indicated that she would check on what would happen if Plaintiff went over the allowed earnings and get back to her. The records in the claim file speak for themselves, and Defendant denies Plaintiff's allegations contained in this Paragraph to the extent that those allegations purport to characterize, paraphrase or summarize statements or information contained in these documents.

49.     Answering Paragraph 49 of Plaintiff's Complaint, Defendant denies that "SBC" called Plaintiff's wife – Sedgwick administered Plaintiff's disability claim, not SBC. Defendant admits that on October 4, 2006, Sedgwick Case Manager Nayra Rosenston recorded a telephone call, wherein she "reviewed with [Plaintiff's wife] the 75% amt that EE cannot exceed when combining earnings and LTD benefit; provided amt of $1144.76 that is max that EE can earn." The records in the claim file speak for themselves, and Defendant denies Plaintiff's allegations contained in this Paragraph to the extent that those allegations purport to characterize, paraphrase or summarize statements or information contained in these documents. Defendant admits the calculations set forth in the third and fourth sentences of Paragraph 49 of Plaintiff's Complaint, although those calculations are not set forth in the referenced claim notes. Defendant denies the fifth sentence of Paragraph 49 of Plaintiff's Complaint, as Plaintiff can earn whatever he wants to earn. Defendant denies that allegations set forth in the sixth and seventh sentences of Paragraph 49 of Plaintiff's Complaint. Defendant denies each and every remaining allegation contained in Paragraph 49 of Plaintiff's Complaint.

50.     Answering Paragraph 50 of Plaintiff's Complaint, Defendant is without sufficient knowledge and information as to Plaintiff's state of mind and professed motivations to admit or deny the allegations contained in Paragraph 50, and on that basis denies each and every allegation contained in Paragraph 50 of Plaintiff's Complaint.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**
**Case No.: CV 08 1575 MMC**

51.     Answering the first sentence of Paragraph 51 of Plaintiff's Complaint, Defendant admits that Plaintiff worked in the plumbing department of Home Depot. Defendant denies that Plaintiff's employment at Home Depot began on September 5, 2006, as there is a dispute in the administrative record as to Plaintiff's start date.  Answering the second sentence of Paragraph 51 of Plaintiff's Complaint, Defendant admits that Plaintiff's basic wage rate was $11.50.

52.     Answering Paragraph 52 of Plaintiff's Complaint, Defendant denies that Plaintiff's employment at Home Depot began on September 5, 2006, as there is a dispute in the administrative record as to Plaintiff's start date.  Defendant is without sufficient information and knowledge as to whether Plaintiff "worked" and on that basis denies that allegation, but otherwise admits each and every remaining allegation contained in Paragraph 52.  The Home Depot earnings statement referenced speaks for itself.

53.     Answering Paragraph 53 of Plaintiff's Complaint, Defendant is without sufficient information and knowledge as to whether Plaintiff "worked" and on that basis denies that allegation, but otherwise admits each and every allegation contained in Paragraph 53.  The Home Depot earnings statement referenced speaks for itself.

54.     Answering Paragraph 54 of Plaintiff's Complaint, Defendant is without sufficient information and knowledge as to whether Plaintiff "worked" and on that basis denies that allegation, but otherwise admits each and every allegation contained in Paragraph 54.  The Home Depot earnings statement referenced speaks for itself.

55.     Answering Paragraph 55 of Plaintiff's Complaint, Defendant is without sufficient information and knowledge concerning Plaintiff's reference to "pay stubs" and on that basis denies these allegations.  Assuming Plaintiff is referring to the Home Depot

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1   earnings statement for Plaintiff, the Home Depot earnings statement referenced speaks for
2   itself.

3

4           56.     Answering the first sentence of Paragraph 56 of Plaintiff's Complaint,
5   Defendant is without sufficient knowledge and information and on that basis denies each
6   and every allegation contained in the first sentence of Paragraph 56.  Answering the second
7   sentence of Paragraph 56 of Plaintiff's Complaint, Defendant admits that Dr. Rogers' March
8   19, 2007 note indicates that Plaintiff's "critical attitudes and verbalizations about other
9   employees who he judges as not as motivated as he result in interpersonal tension in the
10  work place" and his "impulse control problems make it close to impossible for him to cope
11  with difficult or belligerent customers."  Defendant admits that Dr. Rogers' March 18, 2007
12  note indicates that Plaintiff was fired from Home Depot for "beating up a sales
13  representative in the store."   Defendant denies each and every remaining allegation
14  contained in Paragraph 56 of Plaintiff's Complaint.

15

16          57.     Answering Paragraph 57 of Plaintiff's Complaint, Defendant denies
17  each and every allegation regarding "SBC" – Sedgwick administered Plaintiff's disability
18  claim, not SBC.  Defendant admits that the denial letter from LTD Case Manager Nayra
19  Rosenston of Sedgwick to Plaintiff was dated November 16, 2006, and indicated that
20  Plaintiff's benefits were denied effective November 1, 2006.  The document referred to
21  speaks for itself, and Defendant admits that the document contains Ms. Rosenston's
22  statements and representations on behalf of Sedgwick, but denies Plaintiff's allegations
23  contained in this Paragraph to the extent that those allegations purport to characterize,
24  paraphrase or summarize statements contained in this document.  Defendant denies that
25  the notes state that Plaintiff was "thus ineligible to receive LTC benefits."  Defendant denies
26  that the allegations accurately quote the contents of the November 16, 2006 letter from Ms.
27  Rosenston.

28

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**
**Case No.: CV 08 1575 MMC**

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

58.    Answering Paragraph 58 of Plaintiff's Complaint, Defendant admits that Plaintiff appealed the denial of long term disability benefits via correspondence to the AT&T IDSC Quality Review Unit dated February 20, 2007.  The document referred to speaks for itself, and Defendant admits that the document contains Plaintiff's statements and representations in that letter, but denies Plaintiff's allegations contained in this Paragraph to the extent that those allegations purport to characterize, paraphrase or summarize Plaintiff's statements in this document.    Defendant denies all allegations concerning "SBC" -- Sedgwick administered Plaintiff's disability claim, not SBC.  Defendant denies each and every remaining allegation contained in Paragraph 58 of Plaintiff's Complaint.

59.    Answering Paragraph 59 of Plaintiff's Complaint, Defendant denies all allegations regarding "SBC" – Sedgwick administered Plaintiff's disability claim, not SBC. Defendant admits that in correspondence to Plaintiff dated April 12, 2007, Angela DeBolt, Appeal Specialist, AT&T IDSC Quality Review Unit informed Plaintiff that the Unit determined to uphold the denial of benefits.   The document referred to speaks for itself, and Defendant denies Plaintiff's allegations contained in this Paragraph to the extent that those allegations purport to characterize, paraphrase or summarize statements set forth in this document.  Defendant admits that Plaintiff's allegations accurately quote from a portion of the document, with two minor typos in the Complaint.  Defendant denies each and every remaining allegation contained in Paragraph 59 of the Complaint.

60.    Answering Paragraph 60 of Plaintiff's Complaint, Defendant admits that Plaintiff realleges the allegations of his Complaint.

61.    Answering Paragraph 61 of Plaintiff's Complaint, Defendant admits each and every allegation contained in Paragraph 61.

62.     Answering Paragraph 62 of Plaintiff's Complaint, Defendant denies that Plaintiff was a "covered participant" in "or beneficiary of" the Plan.  Rather, Plaintiff was potentially "eligible" to participate in the Plan, subject to its terms, conditions and requirements.  Defendant is without sufficient knowledge and information on which to admit or deny Plaintiff's allegation concerning "her disability" and on that basis denies this allegation.  Defendant denies that Plaintiff had a "disability."

63.     Answering Paragraph 63 of Plaintiff's Complaint, Defendant denies each and every allegation contained in Paragraph 63.

64.     Answering Paragraph 64 of Plaintiff's Complaint, Defendant denies each and every allegation contained in Paragraph 64.

65.     Answering Paragraph 65 of Plaintiff's Complaint, Defendant denies each and every allegation contained in Paragraph 65.

66.     Answering Paragraph 66 of Plaintiff's Complaint, Defendant admits each and every allegation contained in Paragraph 66.

67.     Answering Paragraph 67 of Plaintiff's Complaint, Defendant denies all allegations as to "SBC" – Plaintiff's claim was administered by Sedgwick, not SBC. Defendant denies that "SBC improperly denied benefits due to Mr. Vela's return to work." Defendant is without sufficient information and knowledge on which to admit or deny the remaining allegations contained in Paragraph 67 of the Complaint, and on that basis denies the remaining allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.     Answering Paragraph 68 of Plaintiff's Complaint, Defendant denies all allegations as to "SBC" – Plaintiff's claim was administered by Sedgwick, not SBC.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

18

Defendant denies that "[a]s a reward for taking these test steps in hopes to eventually return to work with SBC, SBC cut [Plaintiff's] benefits after a 5-week stint with Home Depot."  In addition, Defendant is without sufficient knowledge and information of Plaintiff's "hopes" on which admit or deny this allegation, and on that basis denies this allegation contained in the first sentence of this Paragraph.  Furthermore, Defendant specifically denies the allegations that Plaintiff was to "return to work with SBC" as Plaintiff was employed by Pacific Bell.  Defendant also denies the allegation that "SBC cut" benefits or made "statements" upon which Plaintiff allegedly relied.  Plaintiff's claim was administered by Sedgwick, not SBC.  Defendant is without sufficient knowledge and information of Plaintiff's state of mind or alleged "reliance" to admit or deny the second sentence of Paragraph 68, and on that basis denies this allegation.  Defendant is without sufficient information or knowledge to admit or deny that Plaintiff worked at Home Depot for five weeks, as that issue is disputed, and on that basis denies this allegation.  Defendant denies each and every remaining allegation contained in Paragraph 68.

69.     Answering Paragraph 69 of Plaintiff's Complaint, Defendant denies each and every allegation contained in Paragraph 69.

<u>PRAYER</u>

1.     Defendant denies the allegations contained in Paragraph 1 of Plaintiff's prayer for relief, and deny that Plaintiff was injured or damaged in any sum, or at all.

2.     Defendant denies the allegations contained in Paragraph 2 of Plaintiff's prayer for relief, and deny that Plaintiff was injured or damaged in any sum, or at all.

3.     Defendant denies the allegations contained in Paragraph 3 of Plaintiff's prayer for relief, and deny that Plaintiff was injured or damaged in any sum, or at all.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

## **AFFIRMATIVE DEFENSES**

For and as a separate and affirmative defense to each and every claim for relief set forth in the Complaint, Defendant alleges as follows:

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

Plaintiff's Complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Not Eligible for Benefits)**

Plaintiff's claims are barred in that Plaintiff is not eligible for benefits under the terms and conditions of the applicable disability plan.

### **THIRD AFFIRMATIVE DEFENSE**
### **(Good Faith)**

Defendant's actions or statements were based upon good, sufficient, and legal cause, upon reasonable grounds for belief in its truth and justification, and were taken or said in good faith and without malice.

///
///
///

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**
**Case No.: CV 08 1575 MMC**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Plaintiff, by his acts and omissions, has waived and is estopped and barred from alleging the matters set forth in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendant alleges that Plaintiff is barred from any relief by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff has failed to mitigate the damages alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Offset)

Any award of benefits to Plaintiff should be offset by any other earnings, benefits and/or income received by Plaintiff (including but not limited to disability benefits, workers' compensation benefits and/or settlement monies, unemployment benefits, pension benefits, and/or benefits from the Social Security Administration or the State of California), and/or should be offset by any damages caused by Plaintiff to the Defendant, including any unjust enrichment to Plaintiff by virtue of fraud.

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**
**Case No.: CV 08 1575 MMC**

**EIGHTH AFFIRMATIVE DEFENSE**

**(Attorneys' Fees)**

Defendant is entitled to its attorneys' fees pursuant to 29 U.S.C. § 1132(g) and/or Rule 11(c)(2), Federal Rules of Civil Procedure.

**NINTH AFFIRMATIVE DEFENSE**

**(Conduct In Accordance With the Plan)**

Defendant and its agents at all relevant times acted and conducted themselves in accordance with the documents and instruments governing the Plan insofar as such documents and instruments were and are consistent with the provisions of ERISA.

Defendant has not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint, and, accordingly, reserves the right to amend, modify, revise or supplement this General Denial, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of said investigation and study.

THEREFORE, Defendant demands judgment in its favor, costs of suit, and attorneys' fees, and all other proper relief.

Dated: June 20, 2008                    MILLER LAW GROUP
                                        A Professional Corporation


                                        By: _____/S/_____
                                            Katherine L. Kettler
                                            Attorneys for Defendant AT&T
                                            UMBRELLA BENEFIT PLAN NO. 1.

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**
**Case No.: CV 08 1575 MMC**

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA