Lee S. Harris (SBN 76699)
Michael W. Flynn (SBN 247501)
GOLDSTEIN, GELLMAN,
MELBOSTAD, GIBSON & HARRIS, LLP
1388 Sutter Street, Suite 1000
San Francisco, CA 94109-5494
Tel.: (415) 673-5600
Fax: (415) 673-5606
Attorneys for Plaintiff
**LOUIS J. VELA**

Michele Ballard Miller (SBN 104198)
  *mbm@millerlawgroup.com*
Katherine L. Kettler (SBN 231586)
  *klk@millerlawgroup.com*
Jennifer A. Shy (SBN 131074)
  *jas@millerlawgroup.com*
MILLER LAW GROUP
A Professional Corporation
500 Sansome Street, Suite 400
San Francisco, CA 94111
Tel.: (415) 464-4300
Fax: (415) 464-4336
Attorneys for Defendant
**AT&T UMBRELLA BENEFIT PLAN NO. 1**

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS J. VELA,<br><br>        Plaintiff,<br><br>    v.<br><br>AT&T UMBRELLA BENEFIT PLAN NO. 1,<br><br>        Defendant. | Case No. CV-08-1575 MMC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER**<br>**[FRCP 26(f); Civ. L.R. 16-9]** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (FRCP) and Rule 16-9 of the Civil Local Rules, the parties herein submit this Joint Case Management Statement and Proposed Order, and request the Court adopt it as its Case Management Order in this case.

1.

**JURISDICTION AND SERVICE**

This Court has jurisdiction over this action, under 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 1132(e)(1) (ERISA), irrespective of the amount in controversy or the citizenship of the parties. The Defendant has been personally served.

**FACTS**

**1.     Plaintiff's Summary of Facts:**

On June 21, 2000, Louis J. Vela ("Plaintiff") began working for SBC Communications ("SBC"). In 2002, Plaintiff was diagnosed with Bipolar Disorder, major depression with anxiety, Attention Deficit Hyperactivity Disorder, and panic attacks. As a result, he stopped work on June 6, 2002.

On July 15, 2002, SBC approved short-term disability benefits for Plaintiff. Plaintiff remained on short-term disability until April of 2003, when he returned to work on May 1, 2003. Plaintiff suffered a relapse and stopped working on June 18, 2003 at which time he applied for long-term disability ("LTD") benefits.

On October 10, 2003, SBC denied Plaintiff of LTD benefits. Plaintiff was then reassigned to a position as an account executive, a non-management position. However, Plaintiff's symptoms returned and Plaintiff was subjected to further testing. In March, 2004, Plaintiff was approved for LTD benefits and terminated from SBC.

From March 2004 until August 2006, SBC maintained an open file on Plaintiff, recording progress reports from Plaintiff's physicians. These reports consistently showed no improvement.

In September, 2006, Plaintiff accepted a position in the plumbing department at Home Depot in order to reenter the work force as a test to determine whether he was capable of working. Plaintiff's

2.

wife reported to SBC that Plaintiff began working again, and expressly asked how much Plaintiff could earn under the Plan without jeopardizing his LTD benefits. Ms. Rosenston, working for the SBC Plan Administrator, indicated that if Plaintiff *continued* to exceed the maximum amount under the Plan, that SBC would evaluate the case.

Plaintiff returned to work for 5 weeks, but was quickly fired due to altercations in which he was engaged due to his disability. During these 5 weeks of work, Plaintiff earned slightly in excess of the amount permitted under the terms of the Plan. However, Plaintiff had been informed that only a continuation of earning excess amounts would have an adverse effect on benefits.

On November 1, 2006, Defendant denied Plaintiff LTD benefits citing 2 rationales: 1) Plaintiff had earned more than permitted under the Plan, and 2) Plaintiff was no longer disabled. Plaintiff appealed, and Defendant denied the appeal on April 12, 2007.

**2.    Defendant's Summary of Facts:**

The administrative record does not support Plaintiff's version of the facts. Accordingly, Defendant denies Plaintiff's allegations as they are not consistent with the undisputed administrative record.

**A.    The Applicable Plans Unambiguously Grant Discretionary Authority to the Plan Administrator, Which Has Properly Delegated Its Authority to Sedgwick, the Claims Administrator**

Defendant AT&T Umbrella Benefits Plan No. 1 ("Umbrella Plan") is a comprehensive welfare benefit plan for eligible employees and retirees of AT&T Inc. The Umbrella Plan combines funded group medical, supplemental group medical, dental, vision, prescription drug, life insurance, short-term and long-term disability and accidental death and dismemberment plans into one welfare benefit plan. Each plan combined to create the Umbrella Plan is referred to as a "program."

The program under which Plaintiff was eligible to apply for LTD benefits was the SBC Disability Income Plan, which, in turn became the AT&T Disability Income Plan ("the Plan"),

3.

effective November 2005. The Plan defines "Total Disability" or ""Totally Disabled" with regard to LTD as "because of illness or injury, an Employee is prevented from engaging in any employment for which the employee is qualified or may reasonably become qualified based on education, training or experience." Under the Plan, an employee on LTD may work and still receive LTD benefits "if the job pays less than 50% of his Basic Wage Rate before his Disability started. The Benefits payable, when added to the pay the Employee received for working, cannot exceed 75% of his Basic Wage Rate at the time his Long Term Disability started."

The Plan expressly designates AT&T Inc. (formally known as SBC) as the Plan Administrator. The Plan unambiguously confers discretionary authority on AT&T Inc., as the Plan Administrator, to determine Plan eligibility. The Plan gives AT&T Inc., the Plan Administrator, the right to appoint one or more Claims Administrators, who have the discretionary authority to grant and deny claims and determine eligibility.

Pursuant to a 2003 service agreement between AT&T Inc. (formally SBC Communications Inc.) and Sedgwick Claims Management Services, Inc. (hereinafter "Sedgwick" or the "Claims Administrator"), Sedgwick is currently the third-party Claims Administrator for the Plan and has been granted discretionary authority to determine eligibility for benefits under the Plan.

### B. The Claims Administrator Properly Denied Plaintiff's Application for Long Term Disability Benefits.

Plaintiff Louis J. Vela ("Plaintiff") began working for Pacific Bell Telephone Company, a subsidiary of AT&T Inc., as a Network Sales Specialist in June 2000. Plaintiff was promoted to Sales Manager effective July 2001.

On July 8, 2002 Plaintiff stopped working and applied for STD benefits. Sedgwick approved STD benefits from July 15, 2002 until March 18, 2003. Plaintiff returned to work in November 2003, but was absent again beginning January 12, 2004, and was approved for LTD benefits effective March 2, 2004. From 2004 through 2006, Plaintiff's treating physicians periodically communicated with Sedgwick.

4.

In September 2006 Plaintiff went to work for Home Depot, working for approximately five weeks before being fired for attacking another individual. Sedgwick's claim log documents a telephone conversation between Sedgwick Case Manager Nayra Rosenston and Plaintiff's wife, in which Ms. Rosenston "reviewed with [Plaintiff's wife] the 75% amt that EE cannot exceed when combining earnings and LTD benefit; provided amt of $1144.76 that is max that EE can earn." During his employment with Home Depot, Plaintiff earned in excess of the amount allowable under the terms of the Plan.

On November 16, 2006, Sedgwick denied Plaintiff's LTD benefits effective November 1 because Plaintiff had earned more than allowable under the terms of the Plan, and because Plaintiff was no longer disabled as defined by the terms of the Plan. Plaintiff appealed, and, following review of the medical records by the appeals unit and an independent physician advisor, the appeal was denied on April 12, 2007. Plaintiff filed the present lawsuit in the District Court for the Northern District of California on March 21, 2008, and filed a First Amended Complaint on May 14, 2008.

### LEGAL ISSUES

This action arises from the termination of Plaintiff's claim for LTD benefits under the Plan, and is thus governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 USC 1001, et seq. There are no unresolved factual or legal issues regarding personal jurisdiction, subject matter jurisdiction, or venue.

The principal legal issues which the parties dispute are:

(a)   Whether Plaintiff is eligible for LTD benefits under the terms of the Plan;

(b)   Whether the applicable standard of review is abuse of discretion or de novo;

(c)   Whether Defendant acted under a conflict of interest, and if so, what if any weight should be given to that structural conflict;

(d)   If the appropriate standard of judicial review is abuse of discretion, whether Defendant

5.

abused its discretion in denying Plaintiff benefits;[1]

(e)     If the appropriate standard of judicial review is de novo, whether Plaintiff was disabled under the terms of the Plan and Policy.

## MOTIONS

There are no pending motions. The parties intend to file a motion or cross-motions for summary judgment prior to the ERISA trial on the administrative record.

## AMENDMENT OF PLEADINGS

Plaintiff filed his First Amended Complaint on May 14, 2008. The purpose of the First Amended Complaint was to change the defendant to the proper party, AT&T Umbrella Benefit Plan No. 1. Plaintiff was expressly advised of this procedure by the Clerk of the Court. However, it appears that the previous defendants are still named on the Court's register despite the filing of the First Amended Complaint. The Clerk of the Court has now advised Plaintiff to file a dismissal as to the improper defendants (AT&T Inc., AT&T Disability Income Plan, SBC Communications, and Sedgwick Claims Management). Plaintiff will wait for clarification from the Court as to how to address this issue, as Plaintiff has received conflicting instructions from the Court Clerk.

## EVIDENCE PRESERVATION

The evidence consists of the plan documents and administrative record.

---

[1] The parties are aware of the recent decision of the United States Supreme Court in *Metropolitan Life Ins. Co. v. Glenn* 554 U.S. ____, 128 S.Ct. 2343 (June 19, 2008), and will be prepared to brief the impact of this decision as part of their respective motions for summary judgment.

6.

## DISCLOSURES

Plaintiff and Defendant expect to serve initial disclosures in compliance with Fed.R.Civ.P.26(f).

## DISCOVERY

Plaintiff is mindful of the normal restrictions on discovery in ERISA matters. Plaintiff has not yet received Defendant's initial disclosures. Although Plaintiff does not presently anticipate it, it is possible, depending on any issue raised therein or any significant omissions, and if the case does not resolve in ADR, that Plaintiff may need to propound written discovery and depose Defendant's claims representatives, medical personnel, or other parties.

Defendant contends that since Plaintiff seeks the Court's review of the decision to deny his application for LTD benefits, all facts and information are set forth in the administrative record and as such, no further discovery is required. Defendant does not agree that Plaintiff is entitled to written discovery or depositions of Defendant's "claims representatives, medical personnel, or other parties" insofar as that proposed discovery is not permitted under the applicable law.

## CLASS ACTIONS

This case is not a class action.

## RELATED CASES

There are no related cases or proceedings pending before any other judge of this Court, or before any other court or administrative body.

## RELIEF

7.

Plaintiff seeks monetary damages in an amount to be calculated according to the Plan, as well as interest, attorney fees, and costs, under 29 U.S.C. § 1132(g)(1).  Defendant seeks attorney's fees and costs under 29 U.S.C. § 1132(g).

## SETTLEMENT AND ADR

The parties have agreed to participate in private mediation, and the Court's Order Selecting ADR Process was filed on July 10, 2008.  Defendant may request an extended deadline for ADR at the Case Management Conference.

## CONSENT TO MAGISTRATE JUDGE FOR TRIAL

The parties have declined to proceed with a Magistrate Judge and the case has been reassigned to the Honorable Maxine Chesney.

## OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## NARROWING OF ISSUES

The parties are unaware of any issues that may be narrowed by agreement or by motion other than summary judgment or summary adjudication.

## EXPEDITED SCHEDULE

The parties are unable to agree upon whether this is the type of case that can be handled on an

8.

expedited basis with streamlined procedures before such procedures are known.

## SCHEDULING

The parties defer to the Court's calendar for purposes of scheduling dates. To the extent dates are helpful to the Court, the parties agree to the following deadlines:

   a. Dispositive motion filing deadline:      February 2009

   b. Pretrial Conference:                     ____

   c. Trial:                                   ____

## TRIAL

As this matter is an ERISA case, it will be tried by the Court and should not last more than one day.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties have filed their "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. The parties certify that there are no other interested entities or persons other than the named Plaintiff, Defendant, and interested party AT&T Inc., who have a financial interest in the subject matter in controversy or in a party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

9.

38928B.doc:6680-00                                          Case No. CV-08-1575 MMC
JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

Dated: July 11, 2008.

                    GOLDSTEIN, GELLMAN, MELBOSTAD,
                    GIBSON & HARRIS, LLP

By: /s/
    LEE S. HARRIS
    MICHAEL W. FLYNN
    Attorneys for Plaintiff
    LOUIS J. VELA

Dated: July 11, 2008.

By: /s/
    KATHERINE L. KETTLER
    JENNIFER A. SHY
    Attorneys for Defendant
    AT&T UMBRELLA BENEFIT PLAN NO. 1

10.

38928B.doc:6680-00                                               Case No. CV-08-1575 MMC
JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

**[PROPOSED] CASE MANAGEMENT ORDER**

The Court hereby adopts the Case Management Statement and [Proposed] Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

Dated: _____, 2008.

                                    The Honorable Maxine M. Chesney
                                    United States District Court Judge

)