United States District Court

For the Northern District of California

1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11   LOUIS J. VELA,                                    No. C 08-1575

12          Plaintiff,                                 **ORDER DENYING MOTIONS FOR**
                                                       **SUMMARY JUDGMENT WITHOUT**
13      v.                                             **PREJUDICE; AFFORDING PLAINTIFF**
                                                       **OPPORTUNITY TO CONDUCT**
14   AT&T UMBRELLA BENEFIT PLAN NO. 1,                 **DISCOVERY; DIRECTIONS TO PARTIES**

15          Defendant

16   _____/

17          Before the Court are (1) plaintiff Louis J. Vela's motion for summary judgment, filed

18   February 24, 2009 and (2) defendant AT&T Umbrella Benefit Plan's cross-motion for

19   summary judgment, filed March 20, 2009, each brought pursuant to Rule 56 of the Federal

20   Rules of Civil Procedure.  Also before the Court are the parties' supplemental briefings on

21   the issues raised by the Court as to (1) whether the term "Benefits Payable" under plaintiff's

22   Disability Income Plan ("DIP") refers to plaintiff's gross or net benefits, (2) whether any

23   estoppel exists based on statements made by defendant to plaintiff's wife, and (3) the

24   appropriate remedy if liability is established.  Having considered the parties' respective

25   submissions, the Court, as discussed below, will deny both motions without prejudice.

26          In the course of the supplemental briefing, defendant sought to offer a declaration by

27   Tonya Warner ("Warner") for the purpose of showing the claims administrator has

28   consistently interpreted the phrase "Benefits Payable" in the subject DIP to refer to gross

1  benefits.  (See Warner Decl. at ¶¶ 7-12.)  Plaintiff objects to the Court's consideration of the

2  Declaration on the grounds that it constitutes evidence outside the administrative record

3  and because discovery has closed.[1]

4       The scope of the evidence a district court may consider in reviewing a decision to

5  deny a claim under ERISA depends on whether the standard of review is abuse of

6  discretion or de novo.  See Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 970 (9th Cir.

7  2006).  In the instant case, the parties dispute the proper standard under which the

8  decision at issue should be reviewed, and further, if the standard is deemed to be abuse of

9  discretion, the degree of skepticism with which the Court should review said decision.  (See

10  Pl.'s MSJ Reply at 2:17-21; see also Def.'s MSJ Reply at 7:5-10.)

11       Under either standard of review, however, the Court finds, on the record before it,

12  the Declaration is relevant and admissible.  See McDaniel v. Chevron Corp., 203 F.3d

13  1099, 1113 (9th Cir. 2000) (holding "consistent pattern of interpretation is significant

14  evidence" as to reasonableness of plan interpretation) (internal quotation and citation

15  omitted); Abatie, 458 F.3d at 968-70 (holding, under abuse of discretion standard, a "district

16  court may . . . consider evidence outside the administrative record to decide the nature,

17  extent, and effect on the decision-making process of any conflict of interest"; in determining

18  Court's degree of skepticism "[a] Court may weigh a conflict more heavily if . . . the

19  administrator provides inconsistent reasons for denial . . . or has repeatedly denied benefits

20  to deserving participants by interpreting plan terms incorrectly"); Jebian v. Hewlett Packard,

21  349 F.3d 1098, 1110 (9th Cir. 2002) (holding, under de novo review, trial court may admit

22  additional evidence, beyond the record before the claims administrator, to "enable the full

23  exercise of informed and independent judgment").

24       Nonetheless, as plaintiff points out, the documents on which Warner relies have not

25

26      [1] To the extent plaintiff may be arguing the Declaration is untimely, the Court finds to
27  the contrary.  The Declaration was submitted solely in connection with the first of the
above-referenced three issues on which supplemental briefing was allowed, which issue
28  was not raised until the Court asked the parties to address it at the Case Management
Conference held on December 18, 2009.

2

1  been submitted in connection with the Declaration and plaintiff has not had an opportunity

2  to conduct discovery with respect to any such additional evidence.  Under the

3  circumstances, the Court will deny both motions for summary judgment without prejudice

4  and will afford plaintiff the opportunity to seek discovery with respect to defendant's newly

5  proffered evidence.

6      Accordingly, for the reasons stated above:

7      1. The parties' pending motions for summary judgment are hereby DENIED

8  without prejudice.

9      2. Plaintiff may conduct limited discovery relevant to defendant's additional

10  evidence; upon completion of such discovery, the parties shall renotice their motions for

11  summary judgment, and, if appropriate, submit in connection therewith a stipulated

12  schedule for additional supplemental briefing.

13

14      **IT IS SO ORDERED.**

15

16  Dated: April 1, 2010

MAXINE M. CHESNEY
United States District Judge

3